IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-01325-CMA-MEH

SUSAN TORRES

     Plaintiff,

v.

TIME INSURANCE COMPANY
d/b/a ASSURANT HEALTH

     Defendant.

---

**AGREED STIPULATION AND PROTECTIVE ORDER**

---

It is hereby agreed and stipulated by Plaintiff, Susan Torres, and Defendant, Time Insurance Company, through their respective counsel, that the following provisions and conditions shall govern the parties:

1. During the course of the litigation, the parties may voluntarily exchange and be required to produce documents and information which contain sensitive, non-public information including, but not limited to, protected health information, financial information, marketing information, customer information, employment and employment compensation information, business plans, intellectual property, and/or trade secrets ("Confidential Information"). Either party may designate documents or information which contains Confidential Information by designating that document or information as "CONFIDENTIAL." This Protective Order ("Order") shall pertain to those documents produced and information provided by any party and designated "CONFIDENTIAL" in response to any party's discovery requests. The term "Disclosing Party" shall refer to the party producing "CONFIDENTIAL" documents and/or information and the term "Non-Disclosing Party" shall

refer to the party to whom "CONFIDENTIAL" documents and/or information have been produced.

2. All documents or information that are designated "CONFIDENTIAL" shall be available only for examination by the Court, parties, counsel for the parties, witnesses, experts, and consultants retained by counsel to assist in the prosecution, defense or settlement of this matter. Before any third party witnesses, experts, or consultants receive access to such "CONFIDENTIAL" discovery, they shall agree in writing to be bound by this Order. Specifically, the Non-Disclosing Party shall obtain an agreement in writing, as per the form attached as Exhibit "A," from the witness, expert, or consultant reciting that he or she has read this Order and agrees to be bound by its provisions. A copy of all agreements executed by such persons shall be furnished to counsel of record for the Disclosing Party.

3. No "CONFIDENTIAL" discovery shall be used or communicated by any person receiving it for any purpose whatsoever other than preparation for trial, trial or settlement of this matter.

4. There shall be no reproduction whatsoever of any "CONFIDENTIAL" discovery except that, as required in this litigation, copies, excerpts or summaries may be shown or given to those authorized to receive discovery materials pursuant to this Order.

5. When producing documents of any kind (including, but not limited to, any audio and video materials) which contain Confidential Information, the parties shall mark such documents as "CONFIDENTIAL."

6. In responding to written discovery directed to them, any of the parties may designate any portion of their responses which contains Confidential Information as

"CONFIDENTIAL." The parties reserve the right to contest any party's designation of any discovery response as "CONFIDENTIAL." The parties shall have the right to seek clarification from the Court as to whether a discovery response is properly designated as "CONFIDENTIAL."

7. All depositions of the parties, their designees, representatives, and witnesses, including expert witnesses, shall be deemed "CONFIDENTIAL" without further action by the parties. The reporter for each deposition taken in this matter shall be notified of the confidential nature of the testimony prior to the termination of the deposition and shall be instructed to mark the transcript of each deposition as "CONFIDENTIAL." Failure of the parties, or either of them, to notify the reporter to mark a deposition transcript as "CONFIDENTIAL," or the reporter's failure to so mark a transcript despite being so instructed, shall not alter the confidential nature of the transcript or the application of this Order to the transcript. All deposition transcripts in this matter shall be deemed "CONFIDENTIAL" and subject to this Order. The parties reserve the right to contest any party's designation of any deposition as "CONFIDENTIAL." The parties shall have the right to seek clarification from the Court as to whether a deposition is properly designated as "CONFIDENTIAL."

8. Documents or information designated by any of the parties as "CONFIDENTIAL" and required to be filed with the Court shall be sealed by the Clerk of Court and shall be available for inspection only by the Court and by those persons authorized by this Order to review such Confidential Information. To the extent that any such filing with the Court is necessary, any such Confidential Information shall be filed

separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.2 and 7.3.

9. If the Non-Disclosing Party objects to the designation by the Disclosing Party of a document (including audio and video materials), pleading, or transcript of testimony as "CONFIDENTIAL," he/she/it shall give notice of same to the Disclosing Party in writing of the document, pleading, and/or testimony at issue and the reason for the objection. The Disclosing Party shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure. If the Disclosing Party does not make application within twenty (20) business days after receipt of the written objection of the Non-Disclosing Party, then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL." However, until expiration of the twenty (20) day time period or until the Court enters an order changing the designation, the information shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order.

10. Information designated as "CONFIDENTIAL" may be referred to by the Non-Disclosing Party in notices, motions, briefs, or any other pleadings, may be used in depositions and may be marked as deposition or trial exhibits in this action. However, no such information shall be used for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and separately filed under the seal with the Court. Specifically, to the extent that any such filing with the Court is necessary, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto.

11. If, during trial, counsel for the Non-Disclosing Party intends to introduce into evidence any information designated as "CONFIDENTIAL," he or she shall give timely notice of that intention to the Court and the Disclosing Party's counsel.

12. Subsequent to the resolution of this action, by settlement, verdict or otherwise, the Non-Disclosing Party is required to (1) return all Confidential Information to the Disclosing Party within twenty (20) business days thereafter and to certify in writing that all Confidential Information has been returned to the Disclosing Party or (2) certify in writing that the Non-Disclosing Party has destroyed all Confidential Information.

13. Nothing in this Order shall prevent any party or non-party from seeking a modification of this Order or objecting to discovery which it believes to be otherwise improper.

The preceding Stipulated Protective Order is approved, ordered and entered this 24th day of November, 2008. This Stipulated Protective Order may be modified by the Court at any time, for good cause shown, following notice to all parties and an opportunity for them to be heard.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States District Court

**SUBMITTED BY:**

DATED this 14th day of November, 2008.


 *s/R. Craig Ewing*
R. Craig Ewing
**EWING & EWING, P.C.**
3601 South Pennsylvania Street
Englewood, Colorado  80113
Telephone:  (303) 761-1400
Facsimile:   (303) 761-8100
E-mail:   rcraigewing@aol.com

***Attorney for Plaintiff Susan Torres***

DATED this 20th day of November, 2008.


 *s/Walter D. Willson*
Walter D. Willson, Esq.
**WELLS MARBLE & HURST, PLLC**
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi  39157
Telephone:  (601) 605-6900
Facsimile:   (601) 605-6901
E-mail:   wwillson@wellsmar.com

***Attorney for Defendant Time Insurance Company***

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has received a copy of the Agreed Stipulation and Protective Order entered in this action, have read the same and agree to be bound by all of the provisions thereof.

_____
Signature

_____
Name (Please Print)

_____
Date